1  **BLUMENTHAL & NORDREHAUG**
   Norman B. Blumenthal (State Bar #068687)
2  Kyle R. Nordrehaug (State Bar #205975)
   Aparajit Bhowmik (State Bar #248066)
3  2255 Calle Clara
   La Jolla, CA 92037
4  Telephone: (858)551-1223
   Facsimile: (858) 551-1232
5
   **UNITED EMPLOYEES LAW GROUP**
6  Walter Haines, Esq. (State Bar #71075)
   65 Pine Ave, #312
7  Long Beach, CA 90802
   Telephone: (562) 256-1047
8  Facsimile: (562) 256-1006

9                    **UNITED STATES DISTRICT COURT**

10                  **SOUTHERN DISTRICT OF CALIFORNIA**

11  PETER PASQUALE, an individual, SONIA        CASE No. 3:08-cv-00785-JLS-NLS
12  GERBERDING, an individual, on behalf of
    herself, and on behalf of all persons similarly   **SECOND AMENDED** CLASS AND
13  situated,                                    COLLECTIVE ACTION COMPLAINT
                                                 FOR:
14              Plaintiffs,                      1. FAILURE TO PAY REGULAR AND
15                                               OVERTIME COMPENSATION IN
    vs.                                          VIOLATION OF 29 U.S.C. § 201, *et seq.*;
16
    KAISER FOUNDATION HOSPITALS,                 2. FAILURE TO PAY OVERTIME
17  INC., also d/b/a KAISER PERMANENTE           COMPENSATION IN VIOLATION OF
    INFORMATION TECHNOLOGY , a               CAL. LAB. CODE §§ 510, 515.5, 551, 552,
18  California Corporation, and Does 1 to 10,    1194 AND 1198, *et seq.*

19                                               3. FAILURE TO PROVIDE WAGES WHEN
                                                 DUE IN VIOLATION OF CAL. LAB. CODE
20              Defendants.                       § 203;

21                                               4.  FAILURE TO PROVIDE MEAL AND
                                                 REST PERIODS IN VIOLATION OF CAL.
22                                               LAB. CODE § 226.7 AND 512;

23                                               5.  FAILURE TO PROVIDE ACCURATE
                                                 ITEMIZED STATEMENTS IN VIOLATION
24                                               OF CAL. LAB. CODE § 226; and,

25                                               6.  UNFAIR COMPETITION IN
                                                 VIOLATION OF CAL. BUS. & PROF.
26                                               CODE § 17200, *et seq.*

27                                               7.  LABOR CODE PRIVATE ATTORNEY
                                                 GENERAL ACT [Labor Code § 2698]
28                                               DEMAND FOR A JURY TRIAL

Plaintiffs Peter Pasquale and Sonia Gerberding ("PLAINTIFFS") allege on information and belief, except for their own acts and knowledge, the following:

### NATURE OF THE ACTION

1.    PLAINTIFFS bring this class action on behalf of themselves and a California class consisting of all individuals who are or previously were employed by Defendant Kaiser Foundation Hospitals, also doing business as Kaiser Permanente Information Technology ("Kaiser") in a staff position as an IT Application Coordinator, Senior Application Coordinator, Application Coordinator, Business Consulting , and/or Business Consulting Senior ("ITAC Staff Member"), and others who held similarly situated positions, during the Collective Class Period and California Class Period as hereinafter defined (the "CLASS").

2.    Individuals in these positions are and were employees who are entitled to be classified as non-exempt, entitled to be paid for regular and overtime compensation, entitled to receive meal and rest period breaks, entitled to prompt payment of amounts that the employer owes an employee when the employee quits or is terminated, and entitled to other compensation and working conditions that are prescribed by law.

3.    Kaiser requires their employees employed as ITAC Staff Members, and others in similarly situated positions, to work more than eight (8) hours a day, forty (40) hours a week, and hours on the seventh (7th) consecutive day of a workweek, as a matter of policy and practice. Kaiser consistently and uniformly misclassifies these employees as exempt and, as a result, uniformly denies them the required overtime and other compensation that the law requires.

4.    In this action, PLAINTIFFS, on behalf of themselves and the CLASS, seek to have all ITAC Staff Members reclassified as non-exempt and recover all the compensation that Kaiser was required by law to provide, but failed to provide, to PLAINTIFFS and all other CLASS members.

5.    PLAINTIFFS and all ITAC Staff Members performed the same primary function, which is to assist Kaiser staff ("end-users") as the need arises with regard to their operation of the Kaiser Permanente HealthConnect computer software system ("HealthConnect") and perform all tasks related thereto, principally including but not limited to making requested changes for end-users to the

1    functionality of HealthConnect, subject to first obtaining management approval.  This is a position that

2    involves no independent discretion, judgment, or management decisions.  To the contrary, the work of

3    the ITAC Staff Member is to provide, on a daily basis, computer support services to end-users in

4    accordance with the management decisions and business policies established by DEFENDANTS.  In

5    fact, no changes to the functionality of the HealthConnect computer software may be made by any ITAC

6    Staff Member without first obtaining written approval from management.  As a result, for the reasons

7    set forth herein, the ITAC Staff Member position is a non-exempt position that was misclassified as

8    exempt by the DEFENDANTS.

9

10                              **JURISDICTION AND VENUE**

11            6.        This Court has jurisdiction over PLAINTIFFS' federal claim pursuant to

12    28 U.S.C.§1331, federal question jurisdiction, 29 U.S.C. § 219, the Fair Labor Standards Act, and 28

13    U.S.C. § 1367, supplemental jurisdiction of state law claims.

14            7.        Venue is proper in this district pursuant to 28 U.S.C. § 1391, because Kaiser Foundation

15    Hospitals, Inc. is a corporation that (i) is subject to personal jurisdiction in this District, and, therefore,

16    resides in this District and/or (ii) committed the wrongful conduct against certain members of the

17    CLASS in San Diego County, California.

18

19                                    **PARTIES**

20            8.        Plaintiff Peter Pasquale was employed by Kaiser in a staff position as an "IT Application

21    Coordinator" from in or about October of 2006 to in or about August of 2007.

22            9.        Plaintiff Sonia Gerberding has been employed by Kaiser in a staff position as a "Sr.

23    Application Coordintaor (Business Consulting Senior)" since on or about February 7, 2007.

24            10.      Defendant Kaiser, was and is a California Corporation with its principal place of

25    business in the State of California.  Defendant Kaiser also conducts business in San Diego County, as

26    well as in eight (8) other states in the United States and in the District of Columbia and is engaged in

27    commerce within the meaning of the Fair Labor Standards Act by regularly and recurrently receiving

28    or transmitting interstate communications between these states and the District of Columbia.

11.     The Defendants, Kaiser Foundation Hospitals, named in this Complaint, and Does 1 through 10, inclusive, are, and at all times mentioned herein were, the agents, servants, and/or employees of each of the other Defendant and each Defendant was acting within the course of scope of his, her or its authority as the agent, servant and/or employee of each of the other Defendant (the "DEFENDANTS").  Consequently, all the DEFENDANTS are jointly and severally liable to the PLAINTIFFS and the other members of the CLASS, for the losses sustained as a proximate result of DEFENDANTS' conduct.

## COLLECTIVE ACTION UNDER THE FLSA

12.     PLAINTIFFS bring this class action on behalf of themselves and a California class consisting of all individuals who are or previously were employed by Defendant Kaiser Foundation Hospitals, also doing business as Kaiser Permanente Information Technology ("Kaiser") in a staff position as an IT Application Coordinator, Senior Application Coordinator, Application Coordinator, Business Consulting , and/or Business Consulting Senior ("ITAC Staff Member"), and others who held similarly situated positions, during the period three years prior to the filing of this Complaint and ending on the date of as determined by the Court (the "COLLECTIVE CLASS PERIOD"), who performed work in excess of forty (40) hours in one week and did not receive overtime compensation as required by the Fair Labor Standards Act, 29 U.S.C 201, et seq., (the "COLLECTIVE CLASS").  To the extent equitable tolling operates to toll claims by the COLLECTIVE CLASS against DEFENDANT, the COLLECTIVE CLASS PERIOD should be adjusted accordingly.  The COLLECTIVE CLASS includes all such persons, whether or not they were paid by commission, by salary, or by part commission and part salary.

13.     Questions of law and fact common to the COLLECTIVE CLASS as a whole, but not limited to the following, include:

a.     Whether DEFENDANT misclassified PLAINTIFFS and members of the COLLECTIVE CLASS as exempt from the overtime requirements imposed by the FLSA, 29 U.S.C. § 207;

b.     Whether DEFENDANTS failed to adequately compensate the members

1    of the COLLECTIVE CLASS for overtime hours worked as required by the FLSA, 29

2    U.S.C. § 207;

3    c.    Whether DEFENDANTS failed to adequately compensate the members of the

4    COLLECTIVE CLASS for time all worked for the benefit of DEFENDANTS as

5    required by the FLSA, including the time worked through their meal periods;

6    d.    Whether DEFENDANTS have systematically misclassified the members of the

7    COLLECTIVE CLASS as exempt from receiving overtime compensation under section

8    13 of the FLSA and the applicable provisions of the Code of Federal Regulations;

9    e.    Whether DEFENDANTS should be enjoined from continuing the unlawful practices;

10    and,

11    f.    Whether DEFENDANTS are liable to the COLLECTIVE CLASS.

12    14.    The first cause of action for the violations of the FLSA may be brought

13    and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. 216(b),

14    for all claims asserted by the representative PLAINTIFFS of the COLLECTIVE CLASS because the

15    claims of the PLAINTIFFS are similar to the claims of the members of the prospective COLLECTIVE

16    CLASS.

17    15.    PLAINTIFFS are similarly situated and  has substantially similar job

18    requirements and pay provisions to the CLASS, and was subject to Kaiser's common and uniform

19    policy and practice misclassifying their ITAC Staff Members, failing to pay for all actual time worked

20    and wages earned, and failing to fully pay for all overtime in violation of the FLSA and the Regulations

21    implementing the Act as enacted by the Secretary of Labor (the "REGULATIONS").

22

23    **CLASS ACTION ALLEGATIONS**

24    16.    PLAINTIFFS bring this class action on behalf of themselves and a California class

25    consisting of all individuals who are or previously were employed by Defendant Kaiser Foundation

26    Hospitals, also doing business as Kaiser Permanente Information Technology ("Kaiser") in a staff

27    position as an IT Application Coordinator, Senior Application Coordinator, Application Coordinator,

28    Business Consulting , and/or Business Consulting Senior ("ITAC Staff Member"), and others who held

1  similarly situated positions, during the period four years prior to the filing of this Complaint and ending

2  on the date of as determined by the Court (the "CALIFORNIA CLASS PERIOD"), who performed

3  work in excess of eight (8) hours in one day and/or forty (40) hours in one week and/or hours on the

4  seventh (7th) consecutive day of a workweek and did not receive overtime compensation as required

5  by California Labor Code Section 510, et seq. and/or Wage Order 15-2001.  This class is hereinafter

6  referred to as the "CALIFORNIA CLASS."  The CALIFORNIA CLASS includes all such persons,

7  whether or not they were paid by commission, by salary, or by part commission and part salary.

8        17.    DEFENDANTS, as a matter of corporate policy, practice and procedure,

9  and in violation of the applicable California Labor Code ("Labor Code") and Industrial Welfare

10 Commission ("IWC") Wage Order Requirements intentionally and knowingly, on the basis of job title

11 alone and without regard to the actual overall requirements of the job, systematically misclassified the

12 PLAINTIFFS and the other members of the CALIFORNIA CLASS as exempt from overtime wages

13 and other labor laws in order to avoid the payment of overtime wages by misclassifying their positions

14 as exempt from overtime wages and other labor laws.  To the extent equitable tolling operates to toll

15 claims by the CALIFORNIA CLASS against DEFENDANTS, the CALIFORNIA CLASS PERIOD

16 should be adjusted accordingly.

17        18.    DEFENDANTS violated the rights of the CALIFORNIA CLASS under California Law

18 by:

19              (a)    Committing an act of unfair competition in violation of the California Labor

20                     Code, by failing to pay PLAINTIFFS and the members of the CALIFORNIA

21                     CLASS overtime pay for a work day longer than eight (8) hours, a work week

22                     longer than forty (40) hours and/or for all hours worked on the seventh (7th)

23                     consecutive day of a workweek, and by violating the California Labor Code and

24                     regulations promulgated thereunder as hereinafter alleged.

25              (b)    Violating Cal. Lab. Code § 510 by failing to pay PLAINTIFFS and the members

26                     of the CALIFORNIA CLASS overtime pay for a work day longer than eight (8)

27                     hours, a work week longer than forty (40) hours and/or for all hours worked on

28                     the seventh (7th) consecutive day of a workweek, for which DEFENDANTS are

1    liable pursuant to Cal. Lab. Code § 1194.

2    (c)    Violating Cal. Lab. Code § 515.5 by misclassifying PLAINTIFFS and the

3           members of the CALIFORNIA CLASS as exempt from receiving overtime

4           compensation.

5    (d)    Violating Cal. Lab. Code § 203, which provides that when an employee is

6           discharged or quits from employment, the employer must pay the employee all

7           wages due without abatement, by failing to tender full payment and/or restitution

8           of wages owed or in the manner required by California law to the PLAINTIFFS

9           and the members of the CALIFORNIA CLASS who have terminated their

10          employment.  Thus, DEFENDANTS are liable for such wages for a period of

11          thirty (30) days following the termination of such employment.

12    (e)    Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFFS and the

13          members of the CALIFORNIA CLASS with an accurate itemized statement in

14          writing showing the  total hours worked by the employee.

15    (f)    Violating Cal. Lab. Code §§ 1198 and 226.7 and the regulations and orders

16          implementing the Code, by failing to provide PLAINTIFFS and the members of

17          the CALIFORNIA CLASS with rest and/or meal periods and are thus liable for

18          premium pay of one hour for each workday such rest and/or meal periods were

19          denied.

20    19.    This Class Action meets the statutory prerequisites for the maintenance of a Class

21    Action as set forth in Rule 23 of the Federal Rules of Civil Procedure ("F.R.C.P."), in that:

22    (a)    The persons who comprise the CALIFORNIA CLASS are so numerous that the

23          joinder of all such persons is impracticable and the disposition of their claims

24          as a class will benefit the parties and the Court;

25    (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are

26          raised in this Complaint are common to the CALIFORNIA CLASS and will

27          apply uniformly to every member of the CALIFORNIA  CLASS;

28    (c)    The claims of the representative Plaintiffs are typical of the claims of each

SECOND AMENDED COMPLAINT

1    member of the CALIFORNIA CLASS.  PLAINTIFF, like all other members of

2    the CALIFORNIA CLASS, was systematically misclassified as exempt and

3    sustained economic injuries arising from DEFENDANTS' violations of the laws

4    of California.  Plaintiffs and the members of the CALIFORNIA CLASS was and

5    is similarly or identically harmed by the same unlawful, deceptive, unfair and

6    pervasive pattern of misconduct engaged in by the DEFENDANTS of

7    systematically misclassifying as exempt all ITACs, and similarly situated

8    employees solely on the basis of their job title and without regard to

9    DEFENDANTS' realistic expectations and the actual, overall requirements of

10   the job resulting in economic injury to employees so misclassified.

11          (d)     The representative Plaintiffs will fairly and adequately represent and protect the

12                  interest of the CALIFORNIA CLASS, and has retained counsel who are

13                  competent and experienced in Class Action litigation.  There are no material

14                  conflicts between the claims of the representative Plaintiffs and the members of

15                  the CALIFORNIA CLASS that would make class certification inappropriate.

16                  Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all

17                  Class Members.

18          20.     In addition to meeting the statutory prerequisites to a Class Action, this action is

19   properly maintained as a Class Action pursuant to F.R.C.P. 23, in that:

20          (a)     Without class certification and determination of declaratory, injunctive, statutory

21                  and other legal questions within the class format, prosecution of separate actions

22                  by individual members of the CALIFORNIA CLASS will create the risk of:

23                  1)      Inconsistent or varying adjudications with respect to individual members

24                          of the CALIFORNIA CLASS which would establish incompatible

25                          standards of conduct for the parties opposing the CALIFORNIA CLASS;

26                          or,

27                  2)      Adjudication with respect to individual members of the CALIFORNIA

28                          CLASS which would as a practical matter be dispositive of interests of

1    the other members not party to the adjudication or substantially impair

2    or impede their ability to protect their interests.

3    (b)    The parties opposing the CALIFORNIA CLASS have acted on grounds

4    generally applicable to the CALIFORNIA CLASS, making appropriate class-

5    wide relief with respect to the CALIFORNIA CLASS as a whole in that the

6    DEFENDANTS systematically misclassified as exempt all ITACs and similarly

7    situated employees solely on the basis of their job title and without regard to

8    DEFENDANTS' realistic expectations and actual overall requirements of the

9    job;

10    (c)    Common questions of law and fact exist as to the members of the CALIFORNIA

11    CLASS and predominate over any question affecting only individual members,

12    and a Class Action is superior to other available methods for the fair and

13    efficient adjudication of the controversy, including consideration of:

14    1)    The interests of the members of the CALIFORNIA CLASS in

15    individually controlling the prosecution or defense of separate actions;

16    2)    The extent and nature of any litigation concerning the controversy

17    already commenced by or against members of the CALIFORNIA

18    CLASS;

19    3)    The desirability or undesirability of concentrating the litigation of the

20    claims in the particular forum;

21    4)    The difficulties likely to be encountered in the management of a Class

22    Action; and,

23    5)    The basis of DEFENDANTS misclassifying Plaintiffs and the

24    CALIFORNIA CLASS as exempt by job title.

25    21.    This Court should permit this action to be maintained as a Class Action pursuant to

26    F.R.C.P. 23 because:

27    (a)    The questions of law and fact common to the CALIFORNIA CLASS

28    predominate over any question affecting only individual members,

SECOND AMENDED COMPLAINT

8

1       (b)    A Class Action is superior to any other available method for the fair and efficient

2                adjudication of the claims of the members of the CALIFORNIA CLASS;

3       (c)    The members of the CALIFORNIA CLASS are so numerous that it is

4                impractical to bring all members of the CALIFORNIA CLASS before the Court;

5       (d)    PLAINTIFFS, and the other CALIFORNIA CLASS members, will not be able

6                to obtain effective and economic legal redress unless the action is maintained as

7                a Class Action;

8       (e)    There is a community of interest in obtaining appropriate legal and equitable

9                relief for the common law and statutory violations and other improprieties, and

10             in obtaining adequate compensation for the damages and injuries which

11             DEFENDANTS' actions have inflicted upon the CALIFORNIA CLASS;

12      (f)    There is a community of interest in ensuring that the combined assets and

13             available insurance of DEFENDANTS are sufficient to adequately compensate

14             the members of the CALIFORNIA CLASS

15             for the injuries sustained;

16      (g)    DEFENDANTS have acted or refused to act on grounds generally applicable to

17             the CALIFORNIA CLASS, thereby making final class-wide relief appropriate

18             with respect to the CALIFORNIA CLASS as a whole; and

19      (h)    The members of the CALIFORNIA CLASS are readily ascertainable from the

20             business records of the DEFENDANTS.  The CALIFORNIA CLASS consists

21             of all of DEFENDANTS' employees employed as ITACs, and other similarly

22             situated persons in California whose job classifications by DEFENDANTS as

23             exempt were made solely on the basis of their job title and without regard to

24             DEFENDANTS' realistic expectations and actual overall requirements of the

25             job.  DEFENDANTS, as a matter of law, has the burden of proving the basis for

26             the exemption as to each and every ITAC.  To the extent that DEFENDANTS

27             have failed to maintain records sufficient to establish the basis for the exemption

28             (including but not limited to, the employee's job duties, wages, and hours

1    worked) for any ITAC, DEFENDANTS are estopped, as a matter of law,  to

2    assert  the existence of the exemption.

3

4                              **GENERAL ALLEGATIONS**

5        22.     Kaiser, as a matter of corporate policy, practice and procedure, and in violation of the

6    applicable California Labor Code ("Labor Code"), Industrial Welfare Commission ("IWC") Wage

7    Order Requirements, and the applicable provisions of the FLSA, intentionally, knowingly, and wilfully,

8    on the basis of job title alone and without regard to the actual overall requirements of the job,

9    systematically misclassified the PLAINTIFFS and the other members of the CALIFORNIA CLASS and

10   the COLLECTIVE CLASS (the "CLASS") as exempt from overtime wages and other labor laws in

11   order to avoid the payment of overtime wages by misclassifying their ITACs, and other similarly

12   situated employees as exempt from overtime wages and other labor laws.  To the extent equitable tolling

13   operates to toll claims by the CLASS against DEFENDANTS, the CALIFORNIA CLASS PERIOD and

14   the COLLECTIVE CLASS PERIOD (the "CLASS PERIODS")  should be adjusted accordingly.

15       23.     DEFENDANTS have intentionally and deliberately created numerous job levels and a

16   multitude of job titles to create the superficial appearance of hundreds of unique jobs, when in fact,

17   these jobs are substantially similar and can be easily grouped together for the purpose of determining

18   whether they are exempt from overtime wages.  Indeed, one of DEFENDANTS' purposes in creating

19   and maintaining this multi-level job classification scheme is to create a roadblock to discovery and class

20   certification for all employees similarly misclassified as exempt.   DEFENDANTS have uniformly

21   misclassified these CLASS members as exempt and denied them overtime wages and other benefits to

22   which non-exempt employees are entitled in order to unfairly cheat the competition and unlawfully

23   profit.

24       24.     DEFENDANTS maintain records from which the Court can ascertain and identify by

25   job title each of DEFENDANTS' employees who as CLASS members, have been systematically,

26   intentionally and uniformly misclassified as exempt as a matter of DEFENDANTS' corporate policy,

27   practices and procedures.  PLAINTIFFS will seek leave to amend the complaint to include these

28   additional job titles when they have been identified.

**THE CONDUCT**

25.    Kaiser Foundation Hospitals, Inc. is a California Corporation which operates in nine states and in the District of Columbia and employes employees through a division called Kaiser Permanente Information Technology or "KP-IT."   Kaiser Foundation Hospitals, Inc. is one of the largest not-for-profit managed health care companies in the United States, offering hospital and physician care through a network of hospitals and physician practices operating under the Kaiser Permanente name.

26.    PLAINTIFFS were hired by Kaiser and placed into the job title of IT Application Coordinator staff Members.  The job title was described to the PLAINTIFFS as an exempt and full time position. The PLAINTIFFS functioned as working members on the production side of DEFENDANTS' Information Technology ("IT") Staff.  The primary job duty of PLAINTIFFS and their fellow ITAC Staff Members was to provide support to DEFENDANTS' other staff ("end-users") in connection with the Kaiser Permanente HealthConnect computer software system ("HealthConnect").

27.    HealthConnect is a comprehensive health information computer software system, which was installed in order to ensure that all Kaiser Permanente facilities use a common computer software system, with the same beginning functionality for all end-users.  Some of the common functionality features provided by the computer system include, but are not limited to integrated outpatient electronic medical records for Kaiser Permanente members, outpatient billing applications, inpatient pharmacy, registration applications and admission, discharge and transfer (ADT) applications.

28.    The primary job duty of the PLAINTIFFS and every ITAC Staff Member was and is to process and effectuate approved fuctionality changes to the HealthConnect computer software system that were requested by DEFENDANTS' end-users.

29.    Before any change could be effectuated by any ITAC Staff Member, the requested change of the end-user must first be approved in writing by DEFENDANTS' business application coordinators and, in some cases, by Kaiser National Offices.

30.    PLAINTIFFS and the other members of the CLASS did not write code.  PLAINTIFFS and the other members of the CLASS effectuated functionality changes to the HealthConnect software that were accomplished by the non-discretionary task of toggling electronic switches, after approval was

given by management.  PLAINTIFFS' superiors, at all times, would pre-approve every functional specification change for each department, leaving PLAINTIFFS to engage in ministerial service functions by providing basic support to DEFENDANTS' end-user employees.  PLAINTIFFS and their fellow staff members operated under a substantial amount of scrutiny from management in providing the technical support and in performing the other non-exempt functions that constituted their primary duties.

31.    DEFENDANTS' ITAC Staff Members typically worked eleven (11) hour days, which included the work performed by the ITAC Staff Member at home or away from the DEFENDANTS' offices.  Every ITAC Staff Member was and is required to access DEFENDANTS' computer systems remotely to perform work away from DEFENDANTS' offices.  This work, which was and is often performed at home or away from DEFENDANTS' offices, includes, but was not limited to, effectuating functionality changes to HealthConnect, reading and responding to electronic mail, and calling into or otherwise remotely attending meetings.  During the CLASS PERIOD, PLAINTIFFS and the ITAC Staff Members worked and/or still work on the production side of DEFENDANTS' business, but were nevertheless classified by DEFENDANT as exempt from overtime pay and worked more than eight (8) hours a day, more than forty (40) hours a week, and also worked on the seventh (7th) consecutive day of many workweeks.  The job duties and responsibilities described above that relate to providing nondiscretionary, technical support comprised at least seventy percent (70 %) of the PLAINTIFFS' overall job duties and responsibilities.

32.    Approximately every three (3) months, the HealthConnect software would be upgraded. In order to avoid disrupting the ongoing operations of hospitals, clinics, and other departments that were open around the clock, these updates occurred at the least intrusive times of the day at night and up to 3:00 a.m.  During these events, PLAINTIFFS and every other ITAC Staff Member were required to monitor the HealthConnect system, thereby working substantial amounts of overtime hours in addition to the overtime hours these employees were regularly required to work.

33.    Neither PLAINTIFFS, nor any member of the CLASS, were primarily engaged in work of a type that was or now is directly related to management policies or general business operations when giving these words a fair but narrow construction.  Neither PLAINTIFFS, nor any member of the

1   CLASS were primarily engaged in work of a type that was or now is performed at the level of the policy

2   or management of the DEFENDANTS.  To the contrary, the work of an ITAC Staff Member is work

3   wherein PLAINTIFFS and the members of the CLASS were primarily engaged in the day to day

4   business operations of the DEFENDANTS, to support the computers that perform the day to day work

5   in accordance with the management policies and general business operations established by

6   DEFENDANTS' management.

7        34.    In performing the conduct herein alleged, the DEFENDANTS uniformly

8   misrepresented to the PLAINTIFFS and the other members of the CLASS that they were exempt from

9   overtime and the applicable state and federal labor laws, when in fact, they were not.   The

10  DEFENDANTS' wrongful conduct and violations of law as herein alleged demeaned and wrongfully

11  deprived PLAINTIFFS and the other members of the CLASS of the career opportunities to which they

12  were lawfully entitled.  DEFENDANTS engaged in such wrongful conduct by failing to have adequate

13  employment policies and maintaining adequate employment practices consistent with such policies.

14  DEFENDANTS wrongful conduct as herein alleged converted the money belonging to the

15  PLAINTIFFS and the other members of the CLASS.

16       35.    DEFENDANTS' conduct as herein alleged was willful and not in good faith, and

17  DEFENDANTS had no reasonable grounds for believing that the alleged conduct was not a violation

18  of the FLSA.

19       36.    Considerations such as (a) DEFENDANTS' realistic expectations for staff members

20  with the job titled IT Application Coordinator, and other similarly situated jobs, on the production side

21  of the DEFENDANTS' business enterprise, and (b) the actual overall requirements of the staff members

22  with the jobs titled IT Application Coordinator, are susceptible to common proof.  The fact that their

23  work and those of other similarly situated employees involved a computer and/or a specialized skill set

24  in a defined technical area does not mean that the PLAINTIFFS and other members of the CLASS are

25  exempt from overtime wages.  Indeed, the exercise of discretion and independent judgment must be

26  more than the use of a highly technical skill set described in a manual or other sources.  The work that

27  PLAINTIFFS and other members of the CLASS were and are primarily engaged in performing day to

28  day activities is the work that is required to be performed as part of the day to day business of

1   DEFENDANTS.  As a result, PLAINTIFFS and the other members of the CLASS were primarily

2   engaged in work that falls squarely on the production side of the administrative/production worker

3   dichotomy.

4       37.     The work of PLAINTIFFS and the other members of the CLASS did not require

5   independent judgment or discretion.  On the contrary, the PLAINTIFFS and the other members of the

6   CLASS performed their work pursuant to regimented and standardized protocol.  Their work was

7   subject at all times to intense scrutiny and oversight by the management personnel who oversaw the

8   work of the ITAC Staff Members.

9       38.     The ability to provide the kind of technical support provided by PLAINTIFFS and the

10  other members of the CLASS did not necessitate a college level degree or any formalized higher

11  education training.  Rather, the technical support is accomplished by the ITAC Staff Members by

12  reference to written manuals, assistance from other ITAC Staff Members, and/or pursuant to other pre-

13  established guidelines and procedures.  As a result, the technical support performed by the ITAC Staff

14  Members must be approved, in writing, by either a manager, a business application coordinator, and/or

15  Kaiser National Offices.

16      39.     DEFENDANTS systematically misclassified as exempt PLAINTIFFS and all other

17  members of the CALIFORNIA CLASS and COLLECTIVE CLASS solely on the basis of their job title

18  and without regard to DEFENDANTS' realistic expectations and actual overall requirements of the job.

19  Consequently, PLAINTIFFS and the other members of the CALIFORNIA CLASS and COLLECTIVE

20  CLASS uniformly and systematically exempted from payment for overtime wages for hours worked

21  in excess of eight (8) hours per day, (40) forty hours per week, and/or hours worked on the seventh (7th)

22  consecutive day of a workweek during the CLASS PERIOD.

23      40.     Cal. Lab. Code § 515 appoints the Industrial Welfare Commission to establish

24  exemptions from the requirement that an overtime rate of compensation be paid pursuant to Sections

25  510 and 511 for executive, administrative, and professional employees, provided that the employee is

26  primarily engaged in the duties that meet the test of the exemption, customarily and regularly exercises

27  discretion and independent judgment in performing those duties, and earns a monthly salary equivalent

28  to no less than two times the state minimum wage for full-time employment.  California Labor Code

1    Section 515.5 and Industrial Welfare Commission Wage Order 4-2001, set forth the requirements which

2    must be satisfied in order for a computer employee to be lawfully classified as exempt.  Although

3    wrongfully classified by DEFENDANTS as exempt at the time of hire and thereafter, PLAINTIFFS,

4    and all other members of the similarly-situated CALIFORNIA CLASS, are not exempt under Industrial

5    Welfare Commission Wage Order 4-2001, and Cal. Lab. Code § 515.5.

6        41.    Section 13 of the FLSA and 29 Code of Federal Regulations Part 541, et seq., set forth

7    the requirements which must be satisfied in order for an employee to be lawfully classified as exempt

8    from receiving overtime compensation.  Although wrongfully classified by DEFENDANTS as exempt

9    at the time of hire and thereafter, PLAINTIFFS, and all other members of the similarly-situated

10   COLLECTIVE CLASS, are not exempt under section 13 of the FLSA or the provisions of 29 C.F.R.

11   541, et seq.

12       42.    Accordingly, and despite the fact that PLAINTIFFS, and the other members of the

13   CLASS, regularly worked in excess of eight (8) hours per day, (40) forty hours per week, and/or hours

14   worked on the seventh (7th) consecutive day of a workweek, they did not receive overtime compensation

15   and as a result suffered an economic injury.

16       43.    In addition, under Cal. Lab. Code §§ 226.7 and 512, PLAINTIFFS and other members

17   of the CALIFORNIA CLASS, were required to be provided with rest period breaks each workday.

18   DEFENDANTS failed to provide PLAINTIFFS and all other members of the CALIFORNIA CLASS

19   with the statutorily required rest period breaks during the CALIFORNIA CLASS PERIOD, which has

20   caused additional economic injuries to Plaintiffs and other members of the CALIFORNIA CLASS.

21       44.    Further, under Cal. Lab. Code §§ 226.7 and 512, PLAINTIFFS and other

22   members of the CALIFORNIA CLASS, were required to be provided with meal breaks each workday.

23   DEFENDANTS failed to provide PLAINTIFFS and all other members of the CALIFORNIA CLASS

24   with the statutorily required uninterrupted meal breaks during the CALIFORNIA CLASS PERIOD,

25   thereby causing additional economic injuries to PLAINTIFFS and other members of the CALIFORNIA

26   CLASS.

27       45.    Under  29 U.S.C. § 207, PLAINTIFFS and other members of the COLLECTIVE

28   CLASS, were required to be compensated for all meal breaks taken by PLAINTIFFS and the other

1   members of the COLLECTIVE CLASS where they performed duties predominantly for the benefit of

2   the DEFENDANTS during the meal breaks.   Under 29 CFR 785.19, this time spent during the lunch

3   break is compensable because PLAINTIFFS and the other members of the COLLECTIVE CLASS were

4   required to perform duties while eating.

5

6                              **FIRST CAUSE OF ACTION**

7                    **Fair Labor Standards Act, *29 U.S.C. §§ 201, et seq.* ("FLSA")**

8                 **(By Plaintiffs and the COLLECTIVE CLASS and Against all DEFENDANTS)**

9           46.     PLAINTIFFS, and the other members of the COLLECTIVE CLASS, reallege and

10  incorporate by this reference, as though fully set forth herein, paragraphs 1 through 45 of this

11  Complaint.

12          47.     DEFENDANTS are engaged in communication, business, and transmission between

13  California, nine other states in the United States, and the District of Columbia, and is, therefore,

14  engaged in commerce within the meaning of 29 U.S.C. § 203(b).

15          48.     29 U.S.C. § 255 provides that a three-year statute of limitations applies to willful

16  violations of the FLSA.

17          49.     The Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., states that an employee must

18  be compensated for all hours worked, including all straight time compensation and overtime

19  compensation.  29 C.F.R. §778.223 and 29 C.F.R. §778.315.  This Court has concurrent jurisdiction

20  over claims involving the Fair Labor Standards Act pursuant to 29 U.S.C. § 216.

21          50.     29 U.S.C. § 207(a)(1) provides in pertinent part:

22                  Except as otherwise provided in this section, no employer shall employ any of his

23                  employees who in any workweek is engaged in commerce or in the production of goods

24                  for commerce, or is employed in an enterprise engaged in commerce or in the production

25                  of goods for commerce, for a workweek longer than forty hours unless such employee

26                  receives compensation for his employment in excess of the hours above specified at a

27                  rate not less than one and one-half times the regular rate at which he is employed.

28          51.     Section 213(a)(1) of the FLSA provides that the overtime pay requirement does not

1  apply to:

2       any employee employed in a bona fide executive, administrative, or professional

3       capacity (including any employee employed in the capacity of academic administrative

4       personnel or teacher in elementary or secondary schools), or in the capacity of outside

5       salesman (as such terms are defined and delimited from time to time by regulations of

6       the Secretary, subject to the provisions of the Administrative Procedure Act [5 USCS

7       §§ 551 et seq.] except [that] an employee of a retail or service establishment shall not

8       be excluded from the definition of employee employed in a bona fide executive or

9       administrative capacity because of the number of hours in his workweek which he

10       devotes to activities not directly or closely related to the performance of executive or

11       administrative activities, if less than 40 per centum of his hours worked in the workweek

12       are devoted to such activities).

13  52.  DEFENDANTS have willfully engaged in a widespread pattern and practice of violating

14  the provisions of the FLSA, as detailed above, by uniformly designating certain employees as "exempt"

15  employees, by their job title and without regard to DEFENDANTS' realistic expectations and actual

16  overall requirements of the job, including PLAINTIFFS and the other members of the COLLECTIVE

17  CLASS who worked on the production side of the DEFENDANTS' business enterprise, including the

18  ITAC Staff Members.  This was done in an illegal attempt to avoid payment of overtime wages and

19  other benefits in violation of the FLSA and Code of Federal Regulations requirements.

20  53.  Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.,* PLAINTIFFS and

21  the members of the COLLECTIVE CLASS are entitled to compensation for all hours actually worked,

22  including time spent training DEFENDANTS' employees during meal periods, and are also entitled to

23  wages at a rate not less than one and one-half times their regular rate of pay for all hours worked in

24  excess of forty (40) hours in any workweek.

25  54.  29 C.F.R. 541.2 establishes that a job title alone is insufficient to establish the exempt

26  status of an employee. The exempt or nonexempt status of any particular employee must be determined

27  on the basis of whether the employee's salary and duties meet the requirements of the regulations in this

28  part.

1    55.    The exemptions of the FLSA as listed in section 13(a), and as explained by 29 C.F.R.

2    541.3, do not apply to PLAINTIFFS and the other members of the COLLECTIVE CLASS, because

3    their work consists of non-management, production line labor performed with skills and knowledge

4    acquired from on-the-job training, rather than from the prolonged course of specialized intellectual

5    instruction required for exempt learned professional employees such as medical doctors, architects and

6    archeologists.   PLAINTIFFS do not hold a computer related bachelor's degree, have not taken any

7    prolonged course of specialization relating to network systems or infrastructure, and have attained the

8    vast majority of the skills used as employees of DEFENDANTS from on the job training.

9    56.    For an employee to be exempt as a bona fide "executive," all the following criteria must

10   be met and DEFENDANTS have the burden of proving that:

11        (a)    The employee's primary duty must be management of the enterprise, or of a customarily

12               recognized department or subdivision;

13        (b)    The employee must customarily and regularly direct the work of at least two (2) or more

14               other employees;

15        (c)    The employee must have the authority to hire and fire, or to command particularly

16               serious attention to his or his recommendations on such actions affecting other

17               employees; and,

18        (d)    The employee must be primarily engaged in duties which meet the test of exemption.

19   No member of the COLLECTIVE CLASS was or is an executive because they all fail to meet the

20   requirements of being an "executive" under section 13 of the FLSA and 29 C.F.R. 541.100.  Moreover,

21   none of the members of the COLLECTIVE CLASS were senior or lead computer programmers who

22   managed the work of two or more other programmers in a customarily recognized department or

23   subdivision of the employer, and whose recommendations as to the hiring, firing, advancement,

24   promotion or other change of status of the other programmers were given particular weight and

25   therefore, they do not qualify for the executive exemption as a computer employees under 29 C.F.R.

26   541.402.

27   57.    For an employee to be exempt as a bona fide "administrator," all of the following

28   criteria must be met and DEFENDANTS have the burden of proving that:

    (a)    The employee must perform office or non-manual work directly related to management or general business operation of the employer or the employer's customers;

    (b)    The employee must customarily and regularly exercise discretion and independent judgment with respect to matters of significance; and,

    (c)    The employee must regularly and directly assist a proprietor or an exempt administrator; or,

    (d)    The employee must perform under only general supervision, work requiring special training, experience, or knowledge; and,

    (e)    The employee must be primarily engaged in duties which meet the test of exemption.

No member of the COLLECTIVE CLASS was or is an administrator because they all fail to meet the requirements of for being an "administrator" under section 13(a) of the FLSA and 29 C.F.R. 541.300. Moreover, their primary duty does not include work such as planning, scheduling, and coordinating activities required to develop systems to solve complex business, scientific or engineering problems of the employer or the employer's customers and therefore, they are not qualified for the administrative exemption as computer employees under 29 C.F.R. 541.402.

58.    For an employee to be "exempt" as a bona fide "professional", the DEFENDANTS have the burden of proving that the primary duty of the employee is the performance of work that:

    (a)    Requires knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction; or

    (b)    Requires invention, imagination, originality or talent in a recognized field of artistic or creative endeavor.

No member of the COLLECTIVE CLASS was or is a professional because they all fail to meet the requirements of being an "professional" within the meaning of 29 CFR 541.300.

59.    For an employee to be "exempt" as a computer software employee, DEFENDANTS have the burden of showing that the primary duty of the employee consists of:

    (a)    The application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software or system functional specifications;

    (b)    The design, development, documentation, analysis, creation, testing or modification of

1    computer systems or programs, including prototypes, based on and related to user or

2    system design specifications;

3    (c)    The design, documentation, testing, creation or modification of computer programs

4    related to machine operating systems; or

5    (d)    A combination of the aforementioned duties, the performance of which requires the

6    same level of skills.

7    The "primary duty" of the PLAINTIFFS, and the other members of the COLLECTIVE CLASS, as

8    defined in 29 C.F.R. 541.700, did not consist of the job functions outlined above. Rather, the primary

9    duty of the PLAINTIFFS, and the other members of the COLLECTIVE CLASS, consisted of providing

10   technical support to DEFENDANTS' clinicians and staff in connection with the KP HealthConnect

11   computer software. Although the primary duty was highly dependent on and facilitated by the use of

12   computers and computer software programs, the primary duty did not involve:

13   (1)    the determination of hardware, software, or system functional specifications;

14   (2)    the design, development, documentation, analysis, creation, testing, or modification of

15   computer systems or programs; or

16   (3)    a combination of these duties, the performance of which requiring the same level of

17   skills.

18   Rather than write any code, PLAINTIFFS and the other members of the CLASS effectuated

19   functionality changes to the HealthConnect software that were accomplished by the simple task of

20   toggling electronic switches. PLAINTIFFS' superiors, at all times, would pre-approve every functional

21   specification change for each department, leaving Plaintiffs to engage in customer service functions by

22   providing basic support to DEFENDANTS' end-user employees. Further, PLAINTIFFS and their

23   fellow team members operated under a substantial amount of scrutiny from management in providing

24   the technical support and in performing the other non-exempt functions that constituted their primary

25   duties. Thus, no member of the COLLECTIVE CLASS was or is exempt as a computer systems

26   analyst, computer programmer, or software engineer because they all fail to meet the requirements of

27   being a "professional" within the meaning of 29 U.S.C. § 213 and 29 C.F.R. 541.400.

28   60.    During the COLLECTIVE CLASS PERIOD, the PLAINTIFFS, and other members of

1  the COLLECTIVE CLASS, worked more than forty (40) hours in a work week and were also required

2  to perform duties that were primarily for the benefit of the employer during meal periods.

3       61.     At all relevant times, DEFENDANTS failed to pay PLAINTIFFS, and other members

4  of the COLLECTIVE CLASS, overtime compensation for the hours they have worked in excess of the

5  maximum hours permissible by law as required by section 207 of the FLSA, even though PLAINTIFFS,

6  and the other members of the COLLECTIVE CLASS, were regularly required to work, and did in fact

7  work, overtime hours.

8       62.     At all relevant times, DEFENDANTS failed to pay PLAINTIFFS, and other members

9  of the COLLECTIVE CLASS, regular compensation for the hours they have worked, performing duties

10  primarily for the benefit of the employer during meal periods.

11       63.     For purposes of the Fair Labor Standards Act, the employment practices of

12  DEFENDANTS were and are uniform throughout California in all respects material to the claims

13  asserted in this Complaint.

14       64.     There are no other exemptions applicable to PLAINTIFFS and/or to members of the

15  COLLECTIVE CLASS.

16       65.     As a result of DEFENDANTS' failure to pay overtime and failure to pay regular

17  compensation for hours worked during meal periods, as required by the FLSA, PLAINTIFFS and the

18  members of the COLLECTIVE CLASS were damaged in an amount to be proved at trial.

19       66.     Therefore, PLAINTIFFS demand that he and the members of the  COLLECTIVE

20  CLASS be paid overtime compensation as required by the FLSA for every hour of overtime worked in

21  any work week for which they were not compensated, regular compensation for every hour worked

22  primarily for the benefit of DEFENDANTS for which they were not compensated, liquidated damages,

23  plus interest and attorneys' fees as provided by law.

24

25

26

27

28

**SECOND CAUSE OF ACTION**

**For Failure To Pay Overtime Compensation**

**[Cal. Lab. Code §§ 510, 515.5, 551, 552, 1194 and 1198]**

**(By Plaintiffs and the CALIFORNIA CLASS and Against all DEFENDANTS)**

67.     PLAINTIFFS, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 66 of this Complaint.

68.     Cal. Lab. Code § 510 states in relevant part:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

69.     Cal. Lab. Code § 551 states that, "Every person employed in any occupation of labor is entitled to one day's rest therefrom in seven."

70.     Cal. Lab. Code § 552 states that, "No employer of labor shall cause his employees to work more than six days in seven."

71.     Cal. Lab. Code § 515(d) provides:  "For the purpose of computing the overtime rate of compensation required to be paid to a nonexempt full-time salaried employee, the employee's regular hourly rate shall be 1/40th of the employee's weekly salary.

72.     Cal. Lab. Code § 1194 states:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of

1    this minimum wage or overtime compensation, including interest thereon, reasonable

2    attorney's fees, and costs of suit.

3    73.    Cal. Lab. Code § 1198 provides:  "The maximum hours of work and the standard

4        conditions of labor fixed by the commission shall be the maximum hours of work and

5        the standard conditions of labor for employees. The employment of any employee for

6        longer hours than those fixed by the order or under conditions of labor prohibited by the

7        order is unlawful."

8    74.    DEFENDANTS have intentionally and uniformly designated certain employees as

9    "exempt" employees, by their job title and without regard to DEFENDANTS' realistic expectations and

10   actual overall requirements of the job, including Plaintiffs and the other members of the CALIFORNIA

11   CLASS who worked on the production side of the DEFENDANTS' business enterprise.  This was done

12   in an illegal attempt to avoid payment of overtime wages and other benefits in violation of the Cal. Lab.

13   Code and Industrial Welfare Commission requirements.

14   75.    For an employee to be exempt as a bona fide "executive," all the following criteria must

15   be met and DEFENDANTS have the burden of proving that:

16   (a)    The employee's primary duty must be management of the enterprise, or of a customarily

17        recognized department or subdivision; and,

18   (b)    The employee must customarily and regularly direct the work of at least two (2) or more

19        other employees; and,

20   (c)    The employee must have the authority to hire and fire, or to command particularly

21        serious attention to his or his recommendations on such actions affecting other

22        employees; and,

23   (d)    The employee must customarily and regularly exercise discretion and independent

24        judgment; and,

25   (e)    The employee must be primarily engaged in duties which meet the test of exemption.

26   No member of the CALIFORNIA CLASS was or is an executive because they all fail to meet the

27   requirements of being an "executive" within the meaning of Order No. 4-2001.

28   76.    For an employee to be exempt as a bona fide "administrator," all of the

1  following criteria must be met and DEFENDANTS have the burden of proving that:

2       (a)    The employee must perform office or non-manual work directly related to management
3               policies or general business operation of the employer; and,

4       (b)    The employee must customarily and regularly exercise discretion and independent
5               judgment; and,

6       (c)    The employee must regularly and directly assist a proprietor or an exempt administrator;
7               or,

8       (d)    The employee must perform, under only general supervision, work requiring special
9               training, experience, or knowledge, or,

10       (e)    The employee must execute special assignments and tasks under only general
11               supervision; and,

12       (f)    The employee must be primarily engaged in duties which meet the test of exemption.

13  No member of the CALIFORNIA CLASS was or is an administrator because they all fail to meet the

14  requirements for being an "administrator" under Order No. 4-2001.

15       77.    The Industrial Welfare Commission, ICW Wage Order 4-2001, at section (1)(A)(3)(h),

16  at Labor Code § 515, and Cal. Lab. § 515.5 also set forth the requirements which must be complied with

17  to place an employee in the "professional" exempt category.  For an employee to be "exempt" as a bona

18  fide "professional", <u>all</u> the following criteria must be met and DEFENDANTS have the burden of

19  proving that:

20       (a)    The employee is primarily engaged in an occupation commonly recognized as a learned
21               or artistic profession.   For the purposes of this subsection, "learned or artistic
22               profession" means an employee who is primarily engaged in the performance of:

23               1)    Work requiring knowledge of an advanced type in a field or science or
24                     learning customarily acquired by a prolonged course of specialized intellectual
25                     instruction and study, as distinguished from a general academic education and
26                     from an apprenticeship, and from training in the performance of routine mental,
27                     manual, or physical processes, or work that is an essential part or necessarily
28                     incident to any of the above work; or,

2)    Work that is original and creative in character in a recognized field of artistic endeavor, and the result of which depends primarily on the invention, imagination or talent of the employee or work that is an essential part of or incident to any of the above work; and,

3)    Whose work is predominately intellectual and varied in character (as opposed to routine mental, manual, mechanical, or physical work) and is of such character cannot be standardized in relation to a given period of time.

(b)    The employee must customarily and regularly exercise discretion and independent judgment; and.

(c)    The employee earns a monthly salary equivalent to no less than two (2) times the state minimum wage for full-time employment. No member of the CALIFORNIA CLASS was or is a professional because they all fail to meet the requirements of being a "professional" within the meaning of Order No. 4-2001.

In particular, for an employee to be "exempt" as a bona fide "professional" with respect to the requirements for a computer software employee, all the following criteria must be met and DEFENDANTS have the burden of proving that:

(a)    The employee must primarily perform work which is intellectual or creative and that requires the exercise of discretion and independent judgment; and,

(b)    The employee is primarily engaged in duties which consist of one or more of the following:

1)    the application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software, or system functional specifications;

2)    the design, development, documentation, analysis, creation, testing or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications;

3)    the documentation, testing, creation or modification of computer programs related to the design of the software or hardware for computer operating

1             systems; and,

2     (c)     The employee must be highly skilled and proficient in the theoretical and practical

3             application of highly specialized information to computer systems analysis,

4             programming and software engineering.  A job title shall not be determinative of the

5             applicability of this exemption; <u>and</u>,

6     (d)     The employee's hourly rate of pay is not less than forty-one dollars ($ 41.00), or the

7             annualized full-time salary equivalent of that rate, provided that all other requirements

8             of this section are met and that in each workweek the employee receives not less than

9             forty-one dollars ($ 41.00) per hour worked. This is the rate which is adjusted by the

10            DLSR on October 1 of each year to be effective on January 1 of the following year by

11            an amount equal to the percentage increase in the California Consumer Price Index for

12            Urban Wage Earners and Clerical Workers.

13         1)     The adjusted rates for each year of the CALIFORNIA CLASS PERIOD are as

14                follows: In 2003, the rate was $43.58.  In 2004, the rate was $44.63.  In 2005,

15                the rate was $45.84.  In 2006, the rate was $47.81.  Currently, in 2007, the rate

16                is $49.77.  No member of the CALIFORNIA CLASS was or is an exempt

17                "Computer Software Employee" because they all fail to meet the requirements

18                of Order No. 4-2001.

19 PLAINTIFFS and all members of the CALIFORNIA CLASS were paid less than these amounts during

20 the Class Period.

21     78.     PLAINTIFFS, and other members of the CALIFORNIA CLASS, do not fit the

22 definition of an exempt executive, administrative, or professional employee because:

23     (a)     They did not work as executives or administrators; and,

24     (b)     The professional exemption articulated in Wage Order 4-2001, section (1)(A)(3)(h) and

25             Labor Code § 515, and the professional exemption articulated in Cal. Lab. Code § 515.5,

26             does not apply to PLAINTIFFS, nor to the other members of the CALIFORNIA CLASS,

27             because they are either computer software employees paid less than the requisite amount

28             set forth in Cal. Lab. § 515.5(a)(4) and under subdivision (1)(A)(3)(h)(iv) of Order No.

4-2001, and/or did not otherwise meet all the applicable requirements to work under the exemption of computer software employee for the reasons set forth above in this Complaint.

79.     During the class period, the PLAINTIFFS, and other members of the CALIFORNIA CLASS, worked more than eight (8) hours per day, (40) forty hours per week, and/or hours worked on the seventh (7th) consecutive day of a workweek.

80.     At all relevant times, DEFENDANTS failed to pay PLAINTIFFS, and other members of the CALIFORNIA CLASS, overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510 and 1198, even though PLAINTIFFS, and the other members of the CALIFORNIA CLASS, were regularly required to work, and did in fact work, overtime hours.

81.     By virtue of DEFENDANTS' unlawful failure to pay additional compensation to the PLAINTIFFS, and the other members of the CALIFORNIA CLASS, for their regular and overtime hours, the PLAINTIFFS, and the other members of the CALIFORNIA CLASS, have suffered, and will continue to suffer, an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

82.     DEFENDANTS knew or should have known that PLAINTIFFS, and the other members of the CALIFORNIA CLASS, were misclassified as exempt and DEFENDANTS systematically elected, either through intentional malfeasance or gross nonfeasance, not to pay them for their overtime labor as a matter of uniform corporate policy, practice and procedure.

83.     PLAINTIFFS, and the other members of the CALIFORNIA CLASS, therefore, request recovery of regular and overtime compensation according to proof, interest, attorney's fees and cost pursuant to Cal. Lab. Code § 1194(a), as well as the assessment of any statutory penalties against DEFENDANTS, in a sum as provided by the Cal. Lab. Code and/or other statutes.

84.     In performing the acts and practices herein alleged in violation of labor laws and refusing to provide the requisite regular and overtime compensation, the DEFENDANTS acted and continue to act intentionally, oppressively, and maliciously toward the PLAINTIFFS, and toward the other members of the CALIFORNIA CLASS, with a conscious and utter disregard of their legal rights,

1   or the consequences to them, and with the despicable intent of depriving them of their property and legal

2   rights and otherwise causing them injury in order to increase corporate profits at the expense of

3   Plaintiffs and the members of the Class.

4

5                             **THIRD CAUSE OF ACTION**

6                           **For Failure to Pay Wages When Due**

7                             **[ Cal. Lab. Code § 203]**

8       **(By Plaintiffs and the CALIFORNIA CLASS and Against All DEFENDANTS)**

9         85.     PLAINTIFFS, and the other members of the CALIFORNIA CLASS, reallege and

10   incorporate by reference, as though fully set forth herein, paragraphs 1 through 84 of this Complaint.

11         86.     Cal. Lab. Code § 200 provides that:

12             As used in this article:

13             (a) "Wages" includes all amounts for labor performed by employees of every

14                 description, whether the amount is fixed or ascertained by the standard of time, task,

15                 piece, commission basis, or other method of calculation.

16             (b) "Labor" includes labor, work, or service whether rendered or performed under

17                 contract, subcontract, partnership, station plan, or other agreement if the labor to be paid

18                 for is performed personally by the person demanding payment.

19         87.     Cal. Lab. Code § 202 provides, in relevant part, that:

20             If an employee not having a written contract for a definite period quits his or her

21                 employment, his or her wages shall become due and payable not later than 72 hours

22                 thereafter, unless the employee has given 72 hours previous notice of his or her intention

23                 to quit, in which case the employee is entitled to his or her wages at the time of quitting.

24                 Notwithstanding any other provision of law, an employee who quits without providing

25                 a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and

26                 designates a mailing address. The date of the mailing shall constitute the date of

27                 payment for purposes of the requirement to provide payment within 72 hours of the

28                 notice of quitting.

88.    Cal. Lab. Code § 203 provides:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

89.    Many of the California Class members have terminated their employment and DEFENDANTS have not tendered restitution of wages owed.

90.    Therefore, as provided by Cal lab. Code § 203, on behalf of themselves and the members of the CALIFORNIA CLASS, PLAINTIFFS demand thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CALIFORNIA CLASS PERIOD and demand an accounting and payment of all wages due, plus interest as allowed by law.

**FOURTH CAUSE OF ACTION**

**For Failure to Provide Meal and Rest Periods**

**[Cal. Lab. Code §§ 226.7 and 512]**

**(By Plaintiffs and the CALIFORNIA CLASS and against All DEFENDANTS)**

91.    PLAINTIFFS, and the other members of the CALIFORNIA CLASS, reallege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 90 of this Complaint.

92.    Cal. Lab. Code § 512 provide, in relevant part: "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by

1    mutual consent of the employer and the employee only if the first meal period was not

2    waived.

3    93.    Section 11 of the Order 4-2001 of the Industrial Wage Commission provides, in relevant

4    part:

5    Meal Periods:

6    (A)    No employer shall employ any person for a work period of more than five (5)

7    hours without a meal period of not less than 30 minutes, except that when a

8    work period of not more than six (6) hours will complete the day's work the meal

9    period may be waived by mutual consent of the employer and the employee.

10    Unless the employee is relieved of all duty during a 30 minute meal period, the

11    meal period shall be considered an "on duty" meal period and counted as time

12    worked. An "on duty" meal period shall be permitted only when the nature of the

13    work prevents an employee from being relieved of all duty and when by written

14    agreement between the parties an on-the-job paid meal period is agreed to. The

15    written agreement shall state that the employee may, in writing, revoke the

16    agreement at any time.

17    (B)    If an employer fails to provide an employee a meal period in accordance with the

18    applicable provisions of this order, the employer shall pay the employee one (1)

19    hour of pay at the employee's regular rate of compensation for each workday that

20    the meal period is not provided.

21    94.    Section 12 of the Order 4-2001 of the Industrial Wage Commission provides, in relevant

22    part:

23    Rest Periods:

24    (A)    Every employer shall authorize and permit employees to take rest periods, which

25    insofar as practicable shall be in the middle of each work period. The authorized

26    rest period time shall be based on the total hours worked daily at the rate of ten

27    (10) minutes net rest time per four (4) hours or major fraction thereof.  However,

28    a rest period need not be authorized for employees whose total daily work time

1             is less than three and one-half (3-1/2) hours. Authorized rest period time shall

2             be counted as hours worked for which there shall be no deduction from wages.

3       (B)   If an employer fails to provide an employee a rest period in accordance with the

4             applicable provisions of this order, the employer shall pay the employee one (1)

5             hour of pay at the employee's regular rate of compensation for each workday

6             that the rest period is not provided.

7      95.   Cal. Lab. Code § 226.7 provides:

8        (a) No employer shall require any employee to work during any meal or rest period

9        mandated by an applicable order of the Industrial Welfare Commission.

10       (b) If an employer fails to provide an employee a meal period or rest period in

11       accordance with an applicable order of the Industrial Welfare Commission, the employer

12       shall pay the employee one additional hour of pay at the employee's regular rate of

13       compensation for each work day that the meal or rest period is not provided.

14     96.   DEFENDANTS have intentionally and improperly failed to provide all rest and/or meal

15   periods without any work or duties to PLAINTIFFS and the other members of the CALIFORNIA

16   CLASS who worked more than three and one half hours (3 ½) per day, and by failing to do so

17   DEFENDANTS violated the provisions of Labor Code 226.7.

18     97.   Therefore, PLAINTIFFS demand on behalf of themselves and the members of the

19   CALIFORNIA CLASS, one (1) hour of pay for each workday in which a rest period was not provided

20   for each four (4) hours of work during the period commencing on the date that is within four years prior

21   to the filing of this Complaint and one (1) hour of pay for each five (5) hours of work in which a meal

22   period was not provided.

23

24

25

26

27

28

## FIFTH CAUSE OF ACTION

**For Failure to Provide Accurate Itemized Statements**

**[Cal. Lab. Code § 226]**

**(By Plaintiffs and the CALIFORNIA CLASS and against All DEFENDANTS)**

98.   PLAINTIFFS, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 97 of this Complaint.

99.   Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

100.   At all times relevant herein, DEFENDANTS violated Labor Code § 226, in that DEFENDANTS failed to properly and accurately itemize the number of hours worked by PLAINTIFFS, and the other members of the CALIFORNIA CLASS at the effective regular rates of pay and the

1    effective overtime rates of pay.

2         101.    DEFENDANTS knowingly and intentionally failed to comply with Labor Code § 226,

3    causing damages to PLAINTIFFS, and the other members of the CALIFORNIA CLASS.  These

4    damages include, but are not limited to, costs expended calculating the true hours worked and the

5    amount of employment taxes which were not properly paid to state and federal tax authorities.  These

6    damages are difficult to estimate.  PLAINTIFFS, and the other members of the CLASS, therefore, elect

7    to recover liquidated damages of $50.00 for the initial pay period in which the violation occurred, and

8    $100.00 for each violation in subsequent pay period pursuant to Labor Code § 226, in an amount

9    according to proof at the time of trial (but in no event more than $4,000.00 for PLAINTIFFS and each

10   respective member of the CALIFORNIA CLASS herein) plus reasonable attorney's fees and costs

11   pursuant to Labor Code § 226(g).

12

13                          **SIXTH CAUSE OF ACTION**

14                       **For Unlawful Business Practices**

15                   **[Cal. Bus. And Prof. Code § 17200 et seq.]**

16       **(By Plaintiffs and the CALIFORNIA CLASS and against All DEFENDANTS)**

17        102.    PLAINTIFFS, and the other members of the CALIFORNIA CLASS, reallege and

18   incorporate by this reference, as though fully set forth herein, paragraphs 1 through 101 of this

19   Complaint.

20        103.    DEFENDANTS are "persons" as that term is defined under Cal. Bus. and Prof. Code

21   § 17021.

22        104.    Cal. Bus. And Prof. Code § 17200 defines unfair competition as any unlawful, unfair,

23   or fraudulent business act or practice.

24        105.    By the conduct alleged hereinabove in the First through Fifth Claims for Relief,

25   DEFENDANTS have violated the provisions of the Wage Orders, the Fair Labor Standards Act, 29

26   USC §201, the REGULATIONS, the California Labor Code, the Code of Federal Regulations and the

27   California Code of Regulations, *et seq.*, for which this Court should issue equitable and injunctive relief,

28   pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld or labor

1   taken without proper compensation.

2        106.   By and through the unfair and unlawful business practices described hereinabove,

3   DEFENDANTS have obtained valuable property, money, and services from the PLAINTIFFS, and the

4   other members of the CLASS, and has deprived them of valuable rights and benefits guaranteed by law,

5   all to their detriment and to the benefit of DEFENDANTS so as to allow DEFENDANTS to unfairly

6   compete.

7        107.   All the acts described herein as violations of, among other things, the Cal. Lab. Code

8   and Industrial Welfare Commission Wage Orders, are unlawful and in violation of public policy; and

9   in addition are immoral, unethical, oppressive, and unscrupulous, and thereby constitute unfair and

10  unlawful business practices in violation of Cal. Bus. And Prof. Code § 17200 et seq.

11       108.   PLAINTIFFS, and the other members of the CALIFORNIA CLASS, are further entitled

12  to, and do, seek a declaration that the above described business practices are unfair and unlawful and

13  that an injunctive relief should be issued restraining DEFENDANTS from engaging in any of these

14  unfair and unlawful business practices in the future.

15       109.   PLAINTIFFS, and the other members of the CALIFORNIA CLASS, have no plan,

16  speedy, and/or adequate remedy at law that will end the unfair and unlawful business practices of

17  DEFENDANTS.   As a result of the unfair and unlawful business practices described above,

18  PLAINTIFFS, and the other members of the CALIFORNIA CLASS, have suffered and will continue

19  to suffer irreparable harm unless DEFENDANTS are restrained from continuing to engage in these

20  unfair and unlawful business practices.  In addition, DEFENDANTS should be required to disgorge the

21  unpaid moneys to PLAINTIFFS, and the other members of the CALIFORNIA CLASS.

22

23                          **SEVENTH CAUSE OF ACTION**

24                      **Labor Code Private Attorneys General Act**

25                           **[Cal. Labor Code § 2698]**

26              **(By Plaintiffs and the CLASS and against All DEFENDANTS)**

27       110.   PLAINTIFFS, and the other members of the CLASS, reallege and incorporate by this

28  reference, as though fully set forth herein, paragraphs 1 through 109 of this Complaint.

1        111.    On May 13, 2008, PLAINTIFFS gave written notice by certified mail to the Labor

2  and Workforce Development Agency (the "LWDA") and the employer of the specific provisions of

3  this code alleged to have been violated as required by Labor Code § 2699.3. After thirty-three (33)

4  days elapsed since PLAINTIFFS gave notice to the LWDA, PLAINTIFFS have not received notice

5  that the LWDA intends to investigate PLAINTIFFS' allegations. As a result, pursuant to Section

6  2699.3, PLAINTIFFS may now commence a civil action pursuant to Section 2699.

7        112.    The policies, acts and practices heretofore described were and are an unlawful

8  business act or practice because DEFENDANTS' failure to pay wages, failure to provide rest and

9  meal period breaks, failure to pay wages and compensation for work without rest and meal period

10  breaks and failure to provide accurate wage statements and maintain accurate time records for

11  PLAINTIFFS and the other members of the CLASS violates applicable Labor Code sections and

12  gives rise to statutory penalties as a result of such conduct, including but not limited to penalties as

13  provided by Labor Code §§ 221, 226, 226.7, 558, 1174 and 1194, applicable Industrial Welfare

14  Commission Wage Orders. PLAINTIFFS, as aggrieved employees, hereby seek recovery of civil

15  penalties as prescribed by the Labor Code Private Attorney General Act of 2004 on behalf of

16  themselves and other current and former employees of DEFENDANTS which comprise the CLASS,

17  against whom one or more of the violations of the Labor Code was committed. In addition,

18  PLAINTIFFS, as aggrieved employees, hereby seeks recovery of civil penalties as prescribed by the

19  Labor Code Private Attorney General Act of 2004 on behalf of the State of California and/or the

20  LWDA, to the fullest extent available under the law.

21

22                                    **PRAYER**

23        WHEREFOR, PLAINTIFFS pray for judgment against each Defendant, jointly and severally,

24  as follows:

25        A)      Compensatory damages, according to proof at trial due PLAINTIFFS and the other

26                  members of the COLLECTIVE CLASS and CALIFORNIA CLASS, during the

27                  applicable COLLECTIVE CLASS PERIOD and CALIFORNIA CLASS PERIOD plus

28                  interest thereon at the statutory rate;

B)   Restitution, according to proof at trial, due PLAINTIFFS and the other members of the CALIFORNIA CLASS, during the applicable CALIFORNIA CLASS PERIOD plus interest thereon at the statutory rate;

C)   One (1) hour of pay for each workday in which a rest period was not provided to PLAINTIFFS and each member of the CALIFORNIA CLASS for each four (4) hours of work during the period commencing on the date that is within four years prior to the filing of this Complaint;

D)   One hour of pay for each five (5) hours of work in which a meal period was not provided to PLAINTIFFS and each member of the CALIFORNIA CLASS;

E)   An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANTS from engaging in similar unlawful conduct as set forth herein;

F)   An order requiring DEFENDANTS to provide an accounting of all wages and all sums unlawfuly withheld from compensation due to PLAINTIFFS and the other members of the COLLECTIVE and CALIFORNIA CLASSES;

G)   Imposition of a constructive trust upon the assets of the DEFENDANTS to the extent of the sums due to PLAINTIFFS and to the other members of the COLLECTIVE and CALIFORNIA CLASSES;

H)   An award of liquidated damages, statutory damages, including reasonable attorneys' fees and cost of suit, but only to the extent that such reasonable attorneys' fees and costs are recoverable pursuant to Cal. Lab. Code §1194 or the FLSA at 29 U.S.C. §216.  Neither this prayer nor any other allegation or prayer in this Complaint is to be construed as a request, under any circumstance, that would result in a request for attorneys' fees or costs available under Cal. Lab. Code § 218.5;

I)   For liquidated damages pursuant to 29 U.S.C. § 216(b);

J)   For all appropriate relief pursuant to Cal. Lab. Code § 2699.3, including any applicable interest thereon; and,

K)   Such other and further relief as the Court deems just and proper.

1

Dated:   August___, 2008                        BLUMENTHAL & NORDREHAUG

2

3                                               By:    s/Norman B. Blumenthal
                                                        Norman B. Blumenthal
4                                                       Attorneys for Plaintiff

5
                                                UNITED EMPLOYEES LAW GROUP
6                                               Walter Haines, Esq.
                                                65 Pine Ave, #312
7                                               Long Beach, CA 90802
                                                Telephone: (562) 256-1047
8                                               Facsimile: (562) 256-1006

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DEMAND FOR JURY TRIAL

2

3          PLAINTIFFS demand a jury trial on issues triable to a jury.

4

Dated: August __, 2008                    BLUMENTHAL & NORDREHAUG

5

6                                          By:   s/Norman B. Blumenthal
                                                 Norman B. Blumenthal
7                                                Attorneys for Plaintiffs

8
                                           UNITED EMPLOYEES LAW GROUP
9                                          Walter Haines, Esq.
                                           65 Pine Ave, #312
10                                         Long Beach, CA 90802
                                           Telephone: (562) 256-1047
11                                         Facsimile: (562) 256-1006

12

13

14

15

16

17

18

19

20      G:\D\NBB\Pasquale v. Kaiser\p-SAC-final.wpd

21

22

23

24

25

26

27

28