1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PETER PASQUALE, an individual, SONIA GERBERDING, an individual, on behalf of themselves and all others similarly situated,<br><br>                   Plaintiff,<br><br>v.<br><br>KAISER FOUNDATION HOSPITALS, INC., also d/b/a KAISER PERMANENTE INFORMATION TECHNOLOGY, a California corporation, and DOES 1 through 100, inclusive,<br><br>                  Defendants. | CASE NO: 08 CV 0785 MMA (NLS)<br><br><br>**ORDER GRANTING JOINT MOTION TO PRELIMINARILY APPROVE PROPOSED SETTLEMENT**<br><br>[Doc. No. 47] |

This matter has come before the Court on the motion filed jointly by Plaintiffs Peter Pasquale and Sonia Gerberding, on behalf of themselves and all others similarly situated, and Defendant Kaiser Foundation Hospitals, for preliminary approval of a proposed class action settlement. The Court held a hearing on the matter on November 9, 2009. Attorney Louis Marlin appeared on behalf of Plaintiffs, and Greg Fisch appeared on behalf of Defendant.

The Court, having considered and reviewed the documents, arguments, and evidence submitted by the parties, for good cause appearing therefore, does hereby GRANT the parties' motion, and FINDS and ORDERS as follows:

1.      All defined terms contained herein shall have the same definition as set forth in the Stipulation of Settlement attached as Exhibit 1 to the parties' motion.

2.      For settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3), the Court conditionally certifies the following class:

> All employees or former employees of Defendant who, between April 29, 2004 to June 26, 2009, worked for Kaiser Foundation Hospitals in KP-IT in California with the functional job title of Application Coordinator, Regional Application Coordinator or National Application Coordinator, all of whom were classified as part of the Business Consulting or Programmer Analyst job family.

3.      The Court conditionally finds that, for the purposes of approving this settlement only, the proposed Class meets the requirements for certification of a settlement class under Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure: (a) the proposed Class is ascertainable and so numerous that joinder of all members of the Class is impracticable; (b) there are questions of law or fact common to the proposed Class; (c) certain claims of Plaintiffs are typical of the claims of the members of the proposed Class; (d) Plaintiffs and their counsel will fairly and adequately protect the interests of the proposed Class; and (e) a class action is superior to the other available methods for an efficient resolution of this controversy.

4.      If the settlement does not become final for any reason, the fact that the parties were willing to stipulate to class certification as part of the settlement shall have no bearing on, and will not be admissible in connection with the issue of whether a class in this action should be certified in a non-settlement context.

5.      The Court's conditional findings are limited solely to the claims brought on behalf of the proposed Class. The Court's findings are for purposes of conditionally certifying a Class and will not have any claim or issue preclusion or estoppel effect in any other action against Defendant, or in this Action if the settlement is not finally approved.

6.      The Court appoints, for settlement purposes only, Peter Pasquale and Sonia Gerberding as Class Representatives.

7.      The Court appoints, for settlement purposes only, the law firms of Marlin & Saltzman, and The Cullen Law Firm as Class Counsel.

8.      The Court finds on a preliminary basis that the proposed terms of settlement as set forth in the Stipulation of Settlement attached as Exhibit 1 to the parties' joint motion (including the proposed award of attorneys' fees, litigation costs, and Award Enhancements to the Class Representatives) are reasonable, and therefore grants preliminary approval of the proposed settlement.  Based on a review of the papers submitted by the parties, the Court finds that the settlement is the result of arms-length negotiations conducted after Class Counsel had adequately investigated the claims and had become familiar with the strengths and weaknesses of those claims. The assistance of an experienced negotiator in the settlement process supports the Court's conclusion that the settlement is non-collusive.

9.      The Court finds and concludes that the Notice Packet, and the documents included therein (Notice of Pendency of Class Action, green Claim Form, and Request for Exclusion Form–Exhibits A, B and C, respectively to the Stipulation of Settlement), as well as the procedure set forth in the Stipulation of Settlement for providing notice to the Class, will provide the best notice practicable, satisfies the notice requirements of Rule 23(e), adequately advises Class Members of their rights under this settlement, and therefore meets the requirements of due process.

10.      The Notice Packet, including the Notice of Pendency of Class Action, fairly, plainly, accurately, and reasonably informs Class Members of: (1) appropriate information about the nature of this Action, the definition of the Class, the identity of Class Counsel, and the essential terms of the Settlement, including the plan of allocation; (2) appropriate information about Plaintiffs' and Class Counsel's applications for the Class Representatives' Enhancement Awards, and the Class Counsel attorneys' fees and litigation costs award; (3) appropriate information about how to claim a share of the proceeds under the settlement, and about Class Members' right to appear through counsel if they desire; (4) appropriate information about how to object to the

Settlement or submit an Opt Out Request, if a Class Member wishes to do so; and (5) appropriate instructions as to how to obtain additional information regarding this Action and the Settlement.

11.     The proposed plan for mailing the Notice Packet by first class mail to the Class Members' last known addresses is an appropriate method, reasonably designed to reach all individuals who would be bound by the settlement.  There is no alternative method of distribution that would be more practical, and any more reasonably likely to notify Class Members who may not receive notice pursuant to the proposed distribution plan.  The proposed Notice Packet  and notice plan are the best practicable notice under the facts and circumstances of this case.

12.     The proposed Claim Form allows Class Members a full and fair opportunity to submit a claim for proceeds under the settlement.  The Notice Packet, including the  Claim Form, fairly, accurately, and reasonably informs Class Members that the failure to complete and submit a Claim Form, in the manner and time specified, will constitute a waiver of any right to obtain any share of the proceeds under the Settlement.

13.     The Notice Packet, with a self-addressed return envelope, and the manner of distributing the Notice of Settlement and Claim Form to the Class, are approved.

14.     The Parties are ordered to carry out the settlement according to the terms of the Stipulation for Settlement attached as Exhibit 1 to the parties' motion.

15.     The Court appoints Epiq Systems as the Claims Administrator.  Promptly following the entry of this order, the Claims Administrator will prepare final versions of the Notice Packets, incorporating into them the relevant dates and deadlines set forth in this order and the Stipulation of Settlement.

16.     The Court will conduct a Final Approval hearing on ***March 1, 2010***, at ***2:30 p.m.*** in ***Courtroom 5***, to determine: (1) whether the proposed settlement is fair, reasonable, and adequate and should be finally approved by the Court; (2) the amount of attorneys' fees and costs to award to Class Counsel; and (3) the amount of Enhancement Awards to award to the Class Representatives.

17.     Plaintiffs' motion for final approval of the settlement, and Class Counsel's motion for awards of attorneys' fees and costs, and shall be filed on or before ***February 8, 2010***. Any opposition to such motions shall be due on or before ***February 15, 2010***. Any reply briefs in support of such motions shall be due on or before ***February 22, 2010***.

18.     In the event the Settlement is not finally approved, or otherwise does not become effective in accordance with the terms of the Stipulation of Settlement, this Order shall be rendered null and void and shall be vacated, and the Parties shall revert to their respective positions as of before entering into the Stipulation.

**IT IS SO ORDERED.**

DATED:  November 9, 2009

Hon. Michael M. Anello
United States District Judge