# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER PASQUALE, an individual, SONIA GERBERDING, an individual, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>KAISER FOUNDATION HOSPITALS, INC., also d/b/a KAISER PERMANENTE INFORMATION TECHNOLOGY, a California corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 08CV785-MMA (NLS)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**;<br><br>[Doc. No. 51]<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR INCENTIVE AWARD TO CLASS REPRESENTATIVES, AND AWARD OF ATTORNEYS' FEES AND COSTS**<br><br>[Doc. No. 52] |

Pending before the Court are the parties' Joint Motion for Final Approval of Class Action Settlement (Doc. No. 51) and Plaintiffs' Motion for Incentive Award to Class Representatives, and Award of Attorneys' Fees and Costs (Doc. No. 52).

## BACKGROUND

On April 29, 2008, Plaintiff Peter Pasquale filed a class action complaint seeking overtime compensation, interest, penalties, and meal and break penalties on behalf of persons employed by Defendant as "Application Coordinators." (Doc. No. 1.) The original complaint was amended three times, including the addition of Sonia Gerberding as a Plaintiff, and the substitution of the

1  correct Defendant entity, Kaiser Foundation Hospitals, Inc. ("KFH"), among other changes. The
2  final Third Amended Complaint ("Complaint") was filed on December 3, 2008. (Doc. No. 26.) In
3  the Complaint, Plaintiffs allege that Application Coordinators were improperly classified, and paid
4  as exempt employees under the California Labor Code. Plaintiffs also sought additional penalties
5  on grounds that Defendant failed to provide proper meal and/or rest breaks. The parties engaged
6  in discovery and then participated in a mediation in front of Jeffrey Krivis of First Mediation
7  Corporation. The parties ultimately reached a settlement. On October 28, 2009, the parties filed a
8  Joint Motion to Certify the Settlement Class, Preliminarily Approve the Proposed Settlement,
9  Approve the Notice to Class Members, and Setting Hearing for Final Approval. (Doc. No. 47.) On
10 November 9, 2009, the Court held a hearing on the Joint Motion, during which it granted the Joint
11 Motion in its entirety. (Doc. No. 48.) That same day, the Court issued an order conditionally
12 certifying the class for settlement purposes only, granting preliminary approval of the parties'
13 proposed settlement, and ordering that the Court-approved notice of the proposed settlement, *see*
14 Fed. R. Civ. P. 23(c)(2)(B), be directed to class members. (Doc. No. 49.)

15      On or about December 15, 2009, Epiq Systems, the Claims Administrator, mailed the
16 Court-approved notice and claim form to 174 class members. (*Oseas Decl.* [Doc. No. 51-3] at ¶ 6.)
17 On March 11, 2010, the parties supplemented their motion, with an attached declaration from the
18 Claims Administrator. It appears that after notice was sent to the class, 15 additional individuals
19 identified themselves as class members. The Defendant has since determined that these 15
20 additional individuals meet the criteria of the settlement class. Upon this determination, the Claims
21 Administrator sent the 15 individuals notice, which requires the additional Class Members to
22 respond by March 23, 2010. As of March 11, 2010, one individual requested exclusion. (*Oseas*
23 *Decl.* [Doc. No. 59] at ¶¶ 8-10.) Defendant also identified three additional Class Members after the
24 initial notice was sent to the Class. The Claims Administrator has since given these three
25 additional Class Members notice, which also requires response by March 23, 2010. (*Id.* at ¶¶ 11-
26 12.) As of March 11, 2010, 148 class members (77 percent of the Class) had submitted verified
27 and approved claim forms. (*Oseas Decl.* [Doc. No. 59] at ¶ 6.) The deadline by which class
28 members were required to file an objection or an exclusion request expired on January 29, 2010.

1  There have been no objections to any term or condition of the settlement filed, but four requests
2  for exclusion have been received. (*Oseas Decl.* [Doc. No. 51-3] at ¶¶ 18-19; *Oseas Decl.* [Doc.
3  No. 59] at ¶ 9.)
4      On February 8, 2010, the parties filed a Joint Motion for Final Approval of Class Action
5  Settlement (Doc. No. 51) and Plaintiffs filed a Motion for Incentive Award to Class
6  Representatives, and Award of Attorneys' Fees and Costs (Doc. No. 52). The Court held a hearing
7  on March 1, 2010, during which the Parties requested a continuance so they could obtain
8  information from the Claims Administrator for the purpose of supplementing the Joint Motion for
9  Final Approval of Class Action Settlement. The Court granted the request. On March 11, 2010, the
10 parties submitted a supplement to the Joint Motion. (Doc. No. 56.) On March 15, 2010, the parties
11 appeared before the undersigned for a hearing on the pending motions. Attorney Louis Marlin
12 appeared on behalf of Plaintiffs. Attorney Cody D. Knight appeared on behalf of Defendant. No
13 individual appeared at the hearing to object to the proposed settlement. At the conclusion of the
14 hearing, the Court took the motions under submission.
15     After due consideration of the evidence and arguments presented to the Court in the
16 parties' moving papers as well as at the March 1, 2010 hearing, the Court concludes that good
17 cause exists to finally approve the proposed settlement. Additionally, the Court grants Plaintiffs'
18 motion for an award of attorneys' fees of $1,233,333. The Court also grants Plaintiffs' motion for
19 costs, enhancements for the class representatives, and claims administration expenses.
20                              **LEGAL STANDARDS & ANALYSIS**
21 **I.     Motion for Approval of Class Settlement**
22     When a proposed class-wide settlement is reached, the settlement must be submitted to the
23 court for approval. Fed. R. Civ. P. 23(e). Rule 23 of the Federal Rules of Civil Procedure provides:
24     The court may approve a settlement, voluntary dismissal, or compromise that would bind
       class members only after a hearing and on finding that the settlement, voluntary dismissal,
25     or compromise is fair, reasonable, and adequate.
26 Fed. R. Civ. P. 23(e). A court should evaluate a settlement by balancing a number of factors,
27 including: "the strength of the plaintiffs' case; the risk, expense, complexity and likely duration of
28 further litigation; the risk of maintaining class action status throughout the trial; the amount

1  offered in settlement; the extent of discovery completed and the stage of the proceedings; the
2  experience and views of counsel; the presence of a governmental participant; and the reaction of
3  the class members to the proposed settlement." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019
4  (9th Cir. 1998). "The relative degree of importance to be attached to any particular factor will
5  depend upon . . . the nature of the claim(s) advanced, the type(s) of relief sought, and the unique
6  facts and circumstances presented by each individual case." *Officers For Justice v. Civil Serv.*
7  *Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982); *see also Hanlon*, 150 F.3d at 1026 ("It is the
8  settlement taken as a whole, rather than the individual component parts, that must be examined for
9  overall fairness.").

10  Having reviewed the evidence submitted in favor of the motion, the Court concludes that,
11  considered as a whole, the settlement is fair, adequate and reasonable. The parties have concluded
12  that this action should be settled after assessing the claims and possible defenses. Here, Plaintiffs
13  have identified several complexities surrounding the litigation that militate in favor of approving
14  the settlement. These include uncertainty regarding whether the class could be initially certified,
15  whether the class could maintain certification throughout the litigation, as well as the existence of
16  meritorious defenses by Defendant. The Court has considered the fact that the agreement to settle
17  did not occur until after Class Counsel had conducted a thorough investigation into the facts of the
18  class action, including an extensive review of more than 3,000 documents, interviews of 12% of
19  the class members, as well as depositions of three of Defendant's high ranking management level
20  employees. Thus, it is evident that Class Counsel possessed sufficient information to make an
21  informed judgment regarding the likelihood of success on the merits and the monetary results that
22  could be obtained through further litigation. Furthermore, the Court notes that the settlement was
23  the result of arms-length negotiations before the a neutral and detached mediator, Jeffery Krivis.

24  Finally, the Court finds that the settlement in this case of $3,700,000 represents a
25  substantial benefit for the class because each class member will recover a substantial payment on
26  his or her claim. The Court notes that the class members' reaction to the proposed settlement has
27  been favorable. A significant portion of the class has elected to participate in the settlement by
28  submitting valid and timely claim forms, and no class member has objected to the proposed

1  settlement. Based on the foregoing, as well as the Court's own review of the proposed settlement,
2  the Court concludes that the settlement is fair and reasonable and therefore warrants final approval
3  at this time.

**II.    Motion for Incentive Award to Class Representatives and Award of Attorneys' Fees and Costs**

Also before the Court is Plaintiffs' Motion for Incentive Award to Class Representatives, and Award of Attorneys' Fees and Costs. (Doc. No. 52.) Plaintiffs ask that the Court approve Class Counsel's request for payment of attorneys' fees in the amount of $1,233,333 (or 1/3 of the total settlement); Class Counsel's request for its collective costs of litigation in the amount of $14,429.26; Plaintiffs' request for $20,000 in incentive awards to each of the Class Representatives; and Plaintiffs' request for Claims Administrator's fees in an amount not to exceed $40,000. (*Id.* at 14.)

Upon motion in a class action, the court "may award reasonable attorney fees and nontaxable costs authorized by law or by agreement of the parties." Fed. R. Civ. P. 23(h). In "common fund" cases such as this one, the Ninth Circuit has stated that "the district court has discretion to use either a percentage or lodestar method" to determine what constitutes a reasonable fee. *Hanlon*, 150 F.3d at 1029. Under the percentage method, "the court simply awards the attorneys a percentage of the fund sufficient to provide class counsel with a reasonable fee." *Hanlon*, 150 F.3d at 1029. In common fund cases, the percentage method is preferred because it is more likely to result in fees that proportionate, predictable, and provide for the protection of the class. As one court stated, use of the lodestar method rather than the percentage method "encourages abuses such as unjustified work and protecting the litigation. It adds to the work load of already overworked district courts. In short, it does not encourage efficiency, but rather, it adds inefficiency to the process." *In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1374-77 (N.D. Cal. 1989). Under the percentage method, the Ninth Circuit has established 25 percent of the common fund as a "benchmark" for what constitutes a reasonable fee. *Id.*; *Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). However, in most common fund cases, the award exceeds that benchmark. *See In re Activision Sec. Litig.*, 723 F. Supp. at 1374-77(noting that "nearly all common fund awards range around 30%"). The Court must show why a particular

percentage is reasonable and the ultimate award are appropriate based on the facts of the case. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002). The Ninth Circuit has approved a number of factors which may be relevant to the district court's determination: (1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in similar cases. *Id.* at 1048-50.

After carefully reviewing the request and considering all the circumstances of this case, the Court concludes that this is a reasonable fee. Here, the settlement amount is $3,700,000 and counsel requests $1,233,333 in attorneys' fees, which properly calculates as one-third of the settlement amount. First, the class members will still receive a sizeable recovery, with the average net pre-tax recovery per class member measuring approximately $13,000. The Court considers this to be a sizeable recovery especially in light of the fact that, as already noted, Defendant had strong viable defenses, and no recovery was reasonably assured. Moreover, the Court notes that the Court has not yet certified the class, and it is not clear whether Plaintiffs would have been successful on a certification motion. The uncertainty and the risks associated with continued litigation support granting the requested fee. The Court also notes that Class Counsel are experienced class action litigators who have extensive experience in wage and hour class actions, such as this one. Counsel provide a detailed list of cases involving the executive administrative, and other overtime exemptions to California and federal overtime requirements that they have successfully litigated over the span of their extensive careers. (*Marlin Decl.* [Doc. No. 51-2] at ¶ 37.)

In addition to Class Counsels' extensive experience, an award of one-third of the settlement appears appropriate in light of awards in similar cases. *See Romero v. Producers Dairy Foods, Inc.*, 2007 U.S. Dist. LEXIS 86270 (E.D. Cal. Nov. 14, 2007) (approving an attorneys' fee award that was 33% of the settlement fund in a wage-and-hour case involving allegations of unpaid wages and missed meal and rest breaks); *Knight v. Red Door Salons, Inc.*, 2009 U.S. Dist. LEXIS 11149 (N.D. Cal. 2009) (approving an attorneys' fee award that was 30% of the settlement fund). Class counsel adequately represented the class, and achieved a significant result for the entire class, and should be rewarded for the inherent risk it took in representing the class. Finally,

1  the Court notes that for the most part the class has had a positive response to the settlement, and by
2  extension the fee award. After reasonable efforts were made to notify all potential Class Members,
3  no one objected to the proposed settlement. The Court notes that while three Class Members have
4  requested exclusion, those requesting exclusion comprises a very small percentage of the total
5  Class, which is comprised of 174 Class Members. Thus, it appears to the Court that the reaction of
6  the class has been favorable.

7  As a final check on the reasonableness of the requested fees, courts often compare the fee
8  counsel seeks as a percentage with what their hourly bills would amount to under the lodestar
9  analysis. *See*, *e.g.*, *Vizcaino*, 290 F.3d at 1050-51 ("Calculation of the lodestar, which measures the
10 lawyers' investment of time in the litigation, provides a check on the reasonableness of the
11 percentage award."). Attorneys from Marlin & Saltzman worked a total of 834.40 hours. Attorneys
12 from the Cullen Law Firm worked a total of 342.80 hours. Attorneys from Blumenthal Nordrehaug
13 & Bhowmik worked a total of 49.70 hours. These hours, at the attorneys' various hourly rates,
14 results in a lodestar of $633,740. The requested 33% fee would amount to $1,233,333. This
15 represents a multiplier of less than 2 times the lodestar. In similar cases, courts have approved
16 multiplies ranging between 1 and 4. *See In re Chiron Corp. Sec. Litig.*, 2007 U.S. Dist. LEXIS
17 91140 (N.D. Cal. Nov. 30, 2007) (surveying fee awards in class action suits and rejecting a
18 multiplier of 8.34). Comparison with the lodestar demonstrates that the requested 30% fee award is
19 reasonable, and further supports the Court's decision to approve the fee application.

20 Accordingly, the Court approves an award of attorneys' fees in the amount of $1,233,333.
21 Plaintiffs' motion also seeks to recover from the Settlement Fund costs amount to $14,429.26.
22 Attorneys may recover their reasonable expenses that would typically be billed to paying clients in
23 non-contingency matters. *See Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994). Accordingly,
24 for good cause shown, the Court also approves the requested awards of $14,429.26 in litigation
25 costs.

26 Plaintiffs also request approval of the Claims Administrator's fees in an amount not to
27 exceed $40,000. Good cause appearing, the Court approves the award of Claims Administrator's
28 fees in an amount not to exceed $40,000.

1    Finally, Plaintiffs seek $20,000 enhancement awards for each of the named plaintiffs.
2 "[N]amed plaintiffs, as opposed to designated class members who are not named plaintiffs, are
3 eligible for reasonable incentive payments." *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir.
4 2003). Mr. Pasquale and Ms. Gerberding participated extensively in the investigations and
5 meetings associated with this law suit. Mr. Pasquale was deposed by Defendant, which required
6 him to travel from San Francisco to Los Angeles. (*Marlin Decl.* at ¶ 56.) Ms. Gerberding,
7 however, was ultimately unable to attend her noticed deposition because she was sent for
8 mandatory training on the day she was to be deposed. The Court notes, however, that Ms.
9 Gerberding expended time to prepare for her deposition, and, as a current employee, undertook
10 great risk in agreeing to act as a representative plaintiff in this action. Accordingly, the Court finds
11 the enhancement awards reasonable.

## **Conclusion**

13    For the reasons outlined above, the Court **GRANTS** the parties' Joint Motion for Final
14 Approval of Class Action Settlement (Doc. No. 51) and **GRANTS** Plaintiffs' Motion for Incentive
15 Award to Class Representatives, and Award of Attorneys' Fees and Costs (Doc. No. 52). **IT IS**
16 **HEREBY ORDERED**:

17    1.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure and due process, the
18 Court hereby **FINALLY APPROVES** the settlement set forth in the Stipulation and finds that
19 such settlement is, in all respects, fair, reasonable and adequate to the settlement class. The Court
20 further finds that the Stipulation and settlement set forth therein were entered into in good faith
21 following arms-length negotiations and is non-collusive.

22    2.    The settlement class consists of the following: all employees or former employees
23 of Defendant who between April 29, 2004 to June 26, 2009, worked for Kaiser Foundation
24 Hospitals in KP-IT in California with the functional job title of Application Coordinator, Regional
25 Application Coordinator or National Application Coordinator, all of whom were classified as part
26 of the Business Consulting or Programmer Analyst job family.

27    3.    Excluded from the settlement are those persons who have submitted valid and
28 timely requests for exclusion. All Class Members who have not requested exclusion are bound by

1 the release of claims and judgment as set forth in the Stipulation to the full extent as provided by
2 law.

3     4.    With respect to the settlement class members, the Court finds and concludes that:
4 (a) the settlement class members are so numerous that joinder of all settlement class members in
5 the Action is impracticable; (b) there are questions of law and fact common to the settlement class
6 members that predominate over any individual questions; (c) the claims of Plaintiffs are typical of
7 the claims of the settlement class members; (d) Plaintiffs and class counsel have fairly and
8 adequately represented and protected the interests of the settlement class members; and (e) a class
9 action is superior to other available methods for the fair and efficient adjudication of the
10 controversy.

11     5.    The Court finds that the notice provided to the settlement class members was the
12 best notice practicable under the circumstances of these proceedings and of the matters set forth
13 therein, and that the notice fully satisfies the requirements of Rule 23 of the Federal Rules of Civil
14 Procedure, due process, and any other applicable laws.

15     6.    The Court **AWARDS** Plaintiffs' Counsel attorneys' fees in the amount of
16 $1,233,333.

17     7.    The Court **AWARDS** Plaintiffs' Counsel reimbursement of expenses in the amount
18 of $14,429.26.

19     8.    The Court **AWARDS** incentive payments of $20,000 each to Peter Pasquale and
20 Sonia Gerberding, the Class Representatives.

21     9.    The Court **AWARDS** Claims Administrator's fees in an amount not to exceed
22 $40,000.

23     10.    All such amounts are to be paid from the Settlement Fund in accordance with the
24 terms of the Settlement Agreement.

25     11.    Without affecting the finality of this order in any way, the Court retains jurisdiction
26 of all matters relating to the interpretation, administration, implementation, effectuation and
27 enforcement of this order and the Settlement.

28     12.    Nothing in this order shall preclude any action to enforce the parties' obligations

1  under the Settlement or under this order, including the requirement that Defendant make payments
2  to the participating Class Members in accordance with the Settlement.

3      13.    Upon completion of administration of the Settlement, the Claims Administrator will
4  provide written certification of such completion to the Court and counsel for the parties.

5      14.    Pursuant to the Settlement, Plaintiffs and all participating Class Members are
6  permanently barred from prosecuting against Defendant KFH, and its parents, predecessors,
7  successors, subsidiaries, affiliates, and trusts, and all of its employees, officers, agents, attorneys,
8  stockholders, fiduciaries, other service providers, and assigns, any of the claims released by them
9  under the Settlement.

10     15.    The parties are hereby ordered to comply with the terms of the Settlement.

11     16.    The Court hereby makes and orders final judgment on this action, each side to bear
12 its own costs and attorneys' fees except as provided by the Settlement. The Clerk of Court shall
13 terminate the case.

14     **IT IS SO ORDERED**.

15 DATED: March 15, 2010

*[signature: Michael M. Anello]*

Hon. Michael M. Anello
United States District Judge